IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ANTHONY DEMETRIUS GARLAND,**

    **Plaintiff,**

vs.                                                           Case No. 4:14cv3-RH/CAS

**CORIZON HEALTH SERVICES, INC.,**

    **Defendant.**

_____/


## REPORT AND RECOMMENDATION

After removing this case from state court, doc. 1, the pro se Plaintiff was given an opportunity to amend his complaint. *See* doc. 5. Ultimately, Plaintiff filed a second amended complaint, doc. 16, and Defendant filed a motion to dismiss, doc. 21, on June 17, 2014. Plaintiff has now filed a response in opposition, doc. 25, and ruling on the motion to dismiss is now appropriate.

This case concerns Plaintiff's medical care for a nine-year old injury to Plaintiff's left knee. Doc. 16 at 5. Plaintiff presents an Eighth Amendment claim against Corizon because he was not given an M.R.I. or a consultation for surgery. *Id.* at 8-9. Plaintiff alleged that at some point after his March 2005 injury, a recommendation was made that Plaintiff have surgery in three stages. *Id.* at 6. Plaintiff reports that only stage one of the planned surgeries occurred because Plaintiff "refused stages two and three . . . ." *Id.* Plaintiff alleged that when he later attempted to receive further medical care for this

issue, but "no further surgery was recommended due to [Plaintiff's] non-compliance." *Id.* at 7.  Plaintiff filed sick-call requests in 2011 and 2012 requesting surgery, but those were denied.  *Id.* at 7-8.

However, in the fall of 2013, Plaintiff learned that Corizon would be taking over medical care and on October 3, 2013, Plaintiff was sent for an orthopedic re-evaluation concerning his surgery request.  *Id.* at 8.  Plaintiff alleges that orthopedic physician requested approval from Corizon to have a current MRI and, thereafter, a consultation for possible surgery.  *Id.*  Plaintiff was advised on October 17, 2013, that both the consultation and MRI requests were denied.  *Id.*

Plaintiff alleges he continues to suffer with pain in his knee.  *Id.* at 9.  He asserts that he is denied medical care, *Id.* at 10-12, and seeks monetary damages and injunctive relief.  *Id.* at 13.

**Motion to Dismiss, doc. 21**

Defendant contends that Plaintiff's complaint should be dismissed because Plaintiff did not "fully exhaust the administrative remedies provided to him before instituting this action."  Doc. 21 at 1.  Defendant also contends that the complaint fails to state a claim, and "Plaintiff failed to disclose his litigation history."  *Id.*

Defendant notes that Plaintiff initiated this litigation on November 13, 2013.  Doc. 21 at 4, *citing* doc. 1-1 at 2.  Defendant provided two exhibits which provide relevant grievance information.  Doc. 21 at 4; Exhibits A and B.  Plaintiff has filed only two grievance appeals, one on September 8, 2013, and the other on January 1, 2014. Neither of those grievance appeals concerned Plaintiff's medical care.  *Id.* at 4-5.

**Exhaustion**

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). The exhaustion requirement of § 1997e(a) is not jurisdictional, however. Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007)[1].

---

[1] The Court further rejected the view of the Sixth Circuit when it concluded that "nothing in the statute [§ 1997e(a)] imposes a 'name all defendants' requirement." Jones v. Bock, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (concluding "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

Case No. 4:14cv3-RH/CAS

A prisoner must also comply with the process set forth and established by the grievance procedures.  See Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).  In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion." Woodford, 548 U.S. at 93, 126 S.Ct. at 2387 (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements).

The Defendant bears the "burden of proving that the plaintiff has failed to exhaust his available administrative remedies."  Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008), *relying on* Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party).  Factual disputes concerning the exhaustion of administrative remedies may be decided by the court sitting as fact-finder, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1373-74, 1376.  Even though evidence may be presented to support or refute a contention that a prisoner has not exhausted the grievance process, exhaustion is a "matter in abatement and not generally an adjudication on the merits," thus, it should be raised and treated as a motion to dismiss, not a summary judgment motion.  *Id.*, at 1374-75.  When motions to dismiss are based on issues not enumerated under Rule 12(b), then Rule 43(c) governs

"which permits courts to hear evidence outside of the record on affidavits submitted by the parties." Bryant, 530 F.3d at 1377, n.16.

Plaintiff is housed within the Florida Department of Corrections which has an administrative grievance program, FLA. ADMIN. CODE R. 33-103.007. The final step of the grievance process is to file an appeal to the Bureau of Policy Management and Inmate Appeals, which is within the Secretary's Office at the Florida Department of Corrections. Doc. 21 at 4, *citing* FLA. ADMIN. CODE R. 33-103.007. The exhibits submitted by Corizon reveal that Plaintiff filed only two appeals during the relevant time period. Doc. 21-2. One grievance appeal was dated November 14, 2013, and concerned issuance of a disciplinary report and loss of gain time. Doc. 21-2 at 3-4. The other grievance appeal was dated November 1, 2013, and concerned Plaintiff's claim that he wrongfully lost his liberty and other privileges because he was written a false disciplinary report. Doc. 21-2 at 7-8.

In response to Defendant's argument concerning exhaustion, Plaintiff contends that he did exhaust administrative remedies. Doc. 25. Plaintiff states that he filed a grievance concerning the issues raised in this case which was denied on January 28, 2014. *Id.* at 2. Plaintiff then filed an appeal of that grievance denial which was also denied. *Id.* at 2-3. Plaintiff attached copies of those grievances to his response which confirms that his appeal concerns his medical problems and that he completed the grievance process. Plaintiff's appeal was submitted to the Secretary's Office on or about January 30, 2014, and was denied on March 21, 2014. Doc. 25 at 18 (Plaintiff's Ex. A). Plaintiff also submitted an earlier grievance concerning his medical care in

August 2012.  Doc. 25 at 24-25.  But that grievance was denied at the Institution level of the process and Plaintiff has not shown that he appealed the denial of that grievance.

Plaintiff's grievances are not sufficient to demonstrate that Plaintiff exhausted administrative remedies as required because they came after case initiation.  The notice of removal was filed in this Court on January 3, 2014.  Doc. 1.  Plaintiff's case initiating complaint was signed on November 7, 2013, and filed in state court on November 13, 2013.  See doc. 6[2] at 2-3, 9.  Plaintiff's exhibits reveal that he did not exhaust administrative remedies until March 2014, after this case was filed.

One of the purposes of exhaustion is "to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.' "  Porter v. Nussle, 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (quoted in Woodford, 548 U.S. at 93, 126 S.Ct. at 2387); see also Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) (stating that "when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").  That purpose is not met if a prisoner can initiate a case before administrative remedies have been completed.  The clear language of the statute provides that "No action shall be brought . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  That means that a case should be dismissed "even if the prisoner exhausts intra-prison remedies before judgment."  Perez v. Wisconsin Dep't of Corrs., 182 F.3d 532, 535 (7th Cir. 1999) (agreeing with Alexander

---

[2] For ease of reference, an Order, doc. 5, directed the Clerk to separate the complaint from the state court record and file it on the docket which explains why the complaint is document 6.

v. Hawk, 159 F.3d 1321 (11th Cir. 1998)); see also Sanders v. Leary, No. 1:09cv1045, 2011 WL 5974453 at *6 (M.D. Ala. Oct. 27, 2011) (dismissing case without prejudice and finding that, "[e]ven assuming, arguendo, that Plaintiff subsequently exhausted his administrative remedies, that is not enough to save his suit because he is required to have properly exhausted before filing a complaint in this court."). Because Plaintiff did not complete the grievance process prior to case initiation, the motion to dismiss should be granted.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 21, be **GRANTED**, and this case be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 9, 2014.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**